TENNESSEE MARINE AND FIRE INSURANCE COMPANY vs. SCOTT & MUDGE.

1. In a policy upon a steamboat, providing for notice to the insurers, of a change of masters or owners, it is necessary for their assigns to give like notice of every subsequent change.

## APPEAL from St. Louis Circuit Court.

GAMBLE & BATES, for appellant.

By changing matters the assured changed the risks insured against, and so the underwriters were discharged. It was a deviation. Phillips on Insurance, 483, 484, 485.

It is impossible to say whether the change of masters occasioned or contributed to the loss, but that is so in almost every case of deviation. It is the change of the risk; and not the consequence of the change which constitutes the deviation and discharges the underwriter from liability for a subsequent loss. See Little & Bacon vs. Perpetual Insurance Company, 7 Mo. Rep. 379; Walsh vs. Homer, 10 Mo. Rep., 6, particulary 14 and 15.

The change of masters was as much a change of the risk assumed by the underwriter, as a change of goods insured, from one vessel to another is. See Phillips on Insurance, 485 and cases there cited.

SPALDING & SHIPLEY, for appellees.

I. The license to change the master, given by the agent, exhausted the power; and to make a second change required no new assent on behalf of the defendant. 4 L. Lib. (Com. on landlord and tenant, p. 241) p. 136-7.

In a lease where there is covenant not to alienate without license of landlord, that license once given, discharges the covenant. 4 Rep., 119, Dumpor's case; Roll. ab. 172; 14 Vesey 173, Brunell vs. McPherson; 3 Wilson 33; 1 Marsh., 359; 5 Taunt 795; 41 L. Lib. (1 Smith's leading cases, 15;) Dumpor's ' case at p. 66. See American note.

2 Watts and Serg., 534—where party once dispenses with condition, it is gone.

13 Wend., 534; 17 Wend., 447; at the same time the master was changed the owners were changed also.

II. According to the policy, it did not expire by the bare act of changing the master or owner, but only by the act of the defendant. The insured had a right to put upon the boat such person as they pleased as master, and did not vacate the policy. No penalty is inserted in the policy, for changing the master; and failing to give notice thereof to the insurers.

Tennessee Marine and Fire Insurance Company vs. Scott & Mudge.

III. The policy is to be construed favorably for the insured. Hughes' Insurance ,144, 145; Parks Ins., 30; 1 Duer's Ins., 161; 1 Burr 341.

IV. There was not a change of masters such as was contemplated by the restrictive change in the policy. The regular master was sick and another competent person, through necessity, took his place temporarily.

The instruction given for the plaintiff assumes properly, that there had been a change of masters assented to by the defendant. This the defendant did not dispute on trial; but the agent, who was examined as a witness, stated that he understood, a Mr. Scott was to be master; whereas, another person acted as master on that trip. He stated that he had notice of change of masters then.

There had been at the same time, a change of master and owners, with the consent of defendant, and this exhausted the provision. That clause only required the insured, that is, Ealer, when he sold the boat or changed the master, to give the notice; but it did not require the assigns so to do.

In other clauses of the policy, the word "assigns" is used, showing that the parties could extend its provisions to assigns when they pleased.

NAPTON, J., delivered the opinion of the court.

The only question in this case arises out of the following clause in the policy of insurance sued on. "It is also agreed, that should the insured change masters or owners, notice shall be given by him to the insurers without delay, when the insurers may end the adventure, if they so elect, by returning a pro rata premium."

This policy was upon the steamer Oregon, and was for the benefit of H. A. Ealer, who at the date of its execution was the owner and master of said boat. The boat was sold and the policy transferred to the plaintiffs, Scott & Mudge, with the understanding that Scott would take charge of her as master. Of this change of owners and master, the insurance company was apprised and their agent made no objection to it. In consequence of sickness in the family of Scott, one McKinney was substituted in his stead as master, and whilst McKinney was in charge, and upon her first trip the boat was lost by a peril insured against.

The company were not advised of the transfer to McKinney. Upon this state of facts, the court below was asked to declare the law to be that the plaintiffs could not recover. The court refused so to declare the law and the propriety of this decision presents the only question in the case.

It is conceded, that by virtue of this clause in the policy, Ealer, the original owner and party insured, was bound to give notice to the underwriters of the change of owner and master, by the transfer to Scott and Mudge. But it is contended, that the assent of the underwriters to this change discharged the obligation, and that consequently Scott

and Mudge were not bound to advise the company of the subsequent employment of McKinney.

It is likened to a lease, where there is a covenant not to alienate without license of the landlord, in which it has been held, that such a license once given discharges the covenant. This doctrine in relation to covenants in leases originated in Dumpore's case, (Coke) and although much criticised by eminent judges, is still adhered to as the law. In that case, the proviso was that the lessee or his assigns should not alien the premises to any person without the special license of the lessors, and the court was of opinion, that if the condition was once dispensed with, it was wholly dispensed with, because the condition for making void must exist entire or not exist at all. Without adverting to the peculiar reasons which obviously limit this doctrine to contracts affecting real estate, it is manifest that the reasons upon which the decision rested will not affect the construction of this policy. If the clause had in terms included the assigns as well as the original party insured, it would not be doubted but that the present would be embraced within the letter as well as the intent of the instrument. But the manifest object of the underwriters was to limit their responsibility to such risks as would be incurred by the boat under the management of an officer of whose fitness they were personally cognizant. Such object could not be secured by restricting the obligation to the original party insured, nor can such a restriction be fairly implied from the terms of the clause in question.

There are certainly no principles of public policy which would conflict with a rigid enforcement of this proviso, on the contrary it seems calculated to secure the interest of the public as well as of the underwriters, whilst it in no respect conflicts with the purposes and object of the assured.

But it is said that a failure to comply with this provision of the policy on the part of the assured, constitutes no defence to the present action inasmuch as no forfeiture is exacted by its terms. The declared purpose of the underwriters in requiring a notice, when a change of owners or master is made, to enable them to exercise their judgment upon the propriety of continuing their engagement. If the notice is not given, this purpose fails. The risk is changed without their consent. It is analogous to a deviation, which although it may not in reality have embraced the risk, has upon well settled principles always been held to discharge the policy.

We are of opinion, that the instruction asked by the defendant should have been given.—Judgment reversed and cause remanded.