EDDY, Plaintiff in Error, *vs.* TENNESSEE MARINE & FIRE INSURANCE Co., Defendant in Error.

1. In an action upon a policy of insurance containing the following provision, to-wit: "It is agreed that, should the insured change master or owners, notice shall be given by him to the insurers without delay, when the insurers may end the adventure, if they so elect, by returning a *pro rata* premium:" *held,* that the insurers are entitled to a notice of a change of masters, although they may have assented to a previous change of both masters and owners.  (*Tennessee M. & F. Ins. Co. v. Scott & Mudge,* 14 Mo. Rep. 46, affirmed.)

*Error to St. Louis Court of Common Pleas.*

This was an action on a policy of insurance, containing the following clause :  " It is agreed that, should the insured change master or owners, notice shall be given by him to the insurers without delay, when the insurers may end the adventure if they so elect by returning a *pro rata* premium."  The other facts of the case are fully set forth in the opinion of the court.

*B. A. Hill,* for plaintiff in error.   Mr. Spaulding's brief in *Tenn. M. & F. Ins. Co.* v. *Scott & Mudge,* 14 Mo. 46, relied on.   The following additional points made : 1. By the proof offered, it appears that at the time of the transfer of the policy, there was no agreement or understanding as to the particular person who should act as master.   This is the very ground upon which this case is put by Napton, J., in his opinion (14 Mo. 47).   He says " the boat was sold and the policy transferred to Scott & Mudge, with the understanding that Scott would take charge of her as master."   The offer of plaintiff to prove the facts stated (see opinion) shows there was

no such understanding. The assent of the defendant, upon due notice to the transfer of the boat and policy to Scott & Mudge, satisfied the requirements of the provison concerning the change of master and owners. Upon this unlimited transfer, Scott & Mudge had the right to put any competent person in charge as master. If this be so, the provision for the change of masters is satisfied; for it is based upon a certain master named in the policy, who had ceased to be master by the consent of the defendant, and no future master was nominated in the contract. Conditions like this are to be construed most strongly against the party imposing them for his own benefit. (See *Kyle* v. *St. Louis Ins. Co.*, 11 Mo. ; *Phillips* v. *Protection Ins. Co.*, 14 Mo. 220. ) By the failure of the defendant to nominate the person who should act as master, after the transfer, a license was impliedly given to plaintiffs to employ any one as master, who was competent. Such a license is wholly inconsistent with the idea that any notice should be given to defendant of the person employed. It is a mistake to say that the change of masters changes the risk, where both masters are equally competent. It is not the master who navigates the vessel; it is the pilot. The pilot alone was responsible for the management of this boat when she was lost.

*B. Bates*, for defendant in error. 1. The point arising in this case is the same as that raised in the case of *Tenn. M. & F. Ins. Co.* v. *Scott & Mudge*, 14 Mo. 46 : being a suit upon the same policy and for the same loss. 2. The change of masters was a change of the risk, and material therefore to be known to the underwriter to enable him to determine whether he would exercise his reserved privilege of ending the adventure. 3. The plaintiff having taken a nonsuit in the court below, there was no final judgment upon which a writ of error could issue. (R. C. 1845, tit. Practice, § 1. )

RYLAND, Judge, delivered the opinion of the court.

This case is nearly the identical case heretofore decided by this court, and reported in 14 Mo. 46. The plaintiffs in that

case were Scott & Mudge. In this, Eddy is the assignee of Scott & Mudge ; it is upon the same policy, and for the same loss. Upon the trial below, in this present suit, the plaintiff offered to prove as follows : That the loss was by a peril insured against—was a total loss, and the defendant notified thereof as provided for by the policy. The boat, at the time, was well officered, manned and equipped, and engaged in the navigation covered by the policy ; that at the time of the sale of the boat by Ealer to Scott & Mudge, nothing was said or agreed who should afterwards be master ; but the defendant had notice that Ealer would not longer be master ; that Scott was afterwards master, with the knowledge of the defendant, and without objection by the defendant ; that on the trip during which the loss occurred, Scott remained ashore sick, and McKinney, for the trip, was made master, without notice to defendant or knowledge of it, and that McKinney was a competent master ; that since said loss the policy was transferred, as alleged, to Lewis Beach and Joseph A. Eddy, who were, at the time of the transfer of the policy by Scott & Mudge to Beach & Eddy, partners, trading under the style of Beach & Eddy ; that Beach was dead when this suit was brought, and that Eddy is the surviving parter of said firm, and that the boat, at the time of the loss, was worth $3000.

To this testimony the defendant objected, because, if true, it is not sufficient to enable the plaintiff to recover ; because the offered testimony admits that the master of the boat was changed by the insured without giving notice thereof to the insurers. The court sustained this objection and rejected the testimony, to which the plaintiff excepted, and thereupon took a nonsuit. Afterwards, making an unsuccessful motion to set the same aside, he brings the case here by writ of error.

The evidence offered did not take the case out of the principles of the decision heretofore made by this court. The company were still not advised of the fact that McKinney was made master of the boat. They knew that Scott had been, and made no objection to him, nor did they terminate the risk on account

of Scott's being made master. But surely that does not amount to an assent that anybody else may be made master.

The company had not the opportunity of acting in regard to McKinney's being made master. They did not know it—could not be presumed to acquiesce in it. There is much force in the remark of the defendant's counsel, in his brief : " It is time to stop the practice of trying cases over again every time there is a change of a judge on the bench."

Being satisfied that the points and objections now made by the plaintiff have been overturned by the case heretofore reported, we content ourselves by referring to that decision.

Let the judgment be affirmed ; the other judges concurring.